IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN BARRAGAN-MENDOZA,

    Petitioner,                    No. CIV S-09-3292 FCD DAD P

   vs.

STEVE MOORE, Warden,

    Respondent.                 FINDINGS & RECOMMENDATIONS

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises a due process challenge to former California Governor Arnold Schwarzenegger's November 16, 2007 reversal of the June 21, 2007 decision by the California Board of Parole Hearings ("Board") to grant petitioner parole. Petitioner also raises a due process challenge to the Board's decision to deny him parole at a subsequent parole consideration hearing held on June 20, 2008. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

I. <u>Procedural Background</u>

        Petitioner is confined pursuant to a 1990 judgment of conviction entered against him in the San Mateo County Superior Court on a charge of second degree murder with use of a

weapon. (Doc. No. 1 at 1.)[1]  Pursuant to that conviction, petitioner was sentenced to nineteen years to life in state prison. (Id.)

On June 21, 2007, the Board conducted a parole suitability hearing to determine whether petitioner should be granted a parole date. (Doc. No. 1 at 89.) Petitioner appeared at and participated in that hearing. (Doc. 1 at 91-199; Doc. 1-1 at 1-45.) Following deliberations held at the conclusion of that hearing, the Board panel announced their decision to grant parole to petitioner as well as the reasons for that decision. (Doc. 1-1 at 47-61.) However, on November 16, 2007, Governor Schwarzenegger reversed the Board's decision with a written statement of reasons for his decision to deny petitioner parole. (Id. at 152-56.)

Petitioner challenged the Governor's reversal in a petition for writ of habeas corpus filed in the San Mateo County Superior Court. (Doc. 14, Ex. 1.) That petition was denied in a reasoned decision dated January 17, 2008. (Id., Ex. 2.) Subsequently, petitioner challenged the Governor's decision to deny him parole in a January 23, 2008 petition for writ of habeas corpus filed in the California Court of Appeal for the First Appellate District. (Id., Ex. 3.) By order dated April 30, 2008, the respondent was ordered to show cause why that petition should not be granted. (Id., Ex. 4.) Respondent filed a return on October 8, 2008. (Id., Ex. 5.) Petitioner filed a traverse on December 16, 2008. (Id., Ex. 6.) Subsequently, the California Court of Appeal denied the January 23, 2008 habeas petition in a reasoned decision on the merits of petitioner's claims. (Id., Ex. 7.) On July 20, 2009, petitioner filed a petition for review in the California Supreme Court. (Id., Ex. 8.) That petition was summarily denied by order dated September 30, 2009. (Id., Ex. 9.)

In the meantime, on June 20, 2008, the Board conducted another parole suitability hearing to determine whether petitioner should be granted a parole date. (Doc. No. 1-1 at 65.) Petitioner again appeared at and participated in that hearing. (Id. at 68-137.) At the conclusion

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

of the hearing, the Board panel announced their decision to deny petitioner parole for two years as well as the reasons for that decision. (Id. at 138-49.)

Petitioner challenged the Board's 2008 decision in a petition for writ of habeas corpus filed in the California Court of Appeal for the First Appellate District. (Doc. 15, Ex. 1.) On February 6, 2009, the California Court of Appeal ordered the respondent to show cause why that petition should not be granted. (Id., Ex. 2.) Respondent filed a return to the order to show case on February 27, 2009. (Id., Ex. 3.) Petitioner subsequently filed a traverse. (Id., Ex. 4.) In an opinion dated June 10, 2009, the California Court of Appeal denied the petition for writ of habeas corpus in a reasoned decision on the merits of petitioner's claims. (Id., Ex. 5.) Petitioner subsequently filed a petition for review in the California Supreme Court, which was summarily denied by order dated September 30, 2009. (www.courtinfo.ca.gov -docket sheet for case No. S174736.)

On November 25, 2009, petitioner filed his federal application for habeas relief in this court. Therein, petitioner contends that the Governor's reversal of the Board's 2007 decision granting him parole violated his right to due process because it was not supported by "some evidence" that he posed a current danger to society if released. Petitioner also argues that the Board's subsequent 2008 decision finding him unsuitable for parole violated his right to due process because it too was not supported by "some evidence" that he posed a current danger to society if released as required under California law.

II. Scope of Review Applicable to Due Process Challenges to the Denial of Parole

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v. Cooke, 562 U.S. ___, ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639 F.3d 1185, ___, 2011 WL 1238007, at *4 (9th Cir. Apr. 5, 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.") In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout, the Supreme Court reviewed two cases in which California prisoners were denied parole - in one case by the Board, and in the other by the Governor after the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally

4

required procedures." Id. at 862.  The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard.  Id. at 862-63.  See also Pearson, 2011 WL 1238007, at *4.[2]

III.  Petitioner's Claims

As noted above, petitioner seeks federal habeas relief on the grounds that former Governor Arnold Schwarzenegger's November 16, 2007 reversal of the June 21, 2007 decision by the California Board of Parole Hearings ("Board") to grant him parole, and the Board's June 20, 2008 decision finding him unsuitable for parole, as well as the findings upon which those decisions were based, violated his right to due process because they were not supported by "some evidence" that he posed a current danger to society if released, as required under California law. However, under the Supreme Court's decision in Swarthout this court may not review whether California's "some evidence" standard was correctly applied in petitioner's case.  131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, ___F.3d___, 2011 WL 1533512, at *5 (9th Cir. Apr. 25, 2011) ("The Supreme Court held in [Swarthout v.] Cooke

---

[2] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

5

that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, 640 F.3d 1042, ___, 2011 WL 1365811, at *3 (9th Cir. Apr. 12, 2011) (under the decision in Swarthout, California's parole scheme creates no substantive due process rights and any procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 2011 WL 1238007, at *3 (9th Cir. Apr. 5, 2011) ("While the Court did not define the minimum process required by the Due Process Clause for denial parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'")

        The federal habeas petition pending before the court in this case reflects that petitioner was represented by counsel at his 2007 parole suitability hearing at which time he was granted parole. (Pet. at 93.) The record also establishes that at that hearing petitioner was given the opportunity to be heard and received a statement of the reasons for the Board's suitability decision. (Id. at 91-199; doc. 1-1 at 1-62.) Petitioner received a document from the Governor's office which also explained the reasons supporting his reversal of the Board's 2007 decision. (Doc. 1-1 at 152-57.) That is all the process that was due petitioner under the Constitution. Swarthout, 131 S. Ct. 862; see also Miller, 2011 WL 1533512, at *5; Roberts, 2011 WL 1365811, at *3; Pearson, 2011 WL 1238007, at *3. This is true even though petitioner is challenging the Governor's reversal, and not a decision by the Board. Swarthout, 131 S. Ct. at 860-61; Styre v. Adams, ___ F.3d ___, 2011 WL 2176465, at *1 (9th Cir. June 6, 2011) ("[w]e now hold that the Due Process Clause does not require that the Governor hold a second suitability hearing before reversing a parole decision.")

/////

The instant petition also reflects that petitioner was represented by counsel at his 2008 parole suitability hearing. (Doc. 1-1, at 68.) As noted above, the record establishes that at that hearing petitioner was again given the opportunity to be heard and received a statement of the reasons why parole was denied by the Board panel. That is all the process that was due petitioner under the Constitution. Swarthout, 131 S. Ct. 862; see also Miller, 2011 WL 1533512, at *5; Roberts, 2011 WL 1365811, at *3; Pearson, 2011 WL 1238007, at *3.

It now plainly appears that petitioner is not entitled to relief with respect to his due process claims. Accordingly, the pending petition should be denied.

IV. Request for Evidentiary Hearing

Petitioner requests an evidentiary hearing on his due process claim. (Pet. at 4.)

Pursuant to 28 U.S.C. § 2254(e)(2), an evidentiary hearing is appropriate under the following circumstances:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
> (A) the claim relies on-
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense[.]

Under this statutory scheme, a district court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support a petitioner's claims and, if not, whether an evidentiary hearing "might be appropriate." Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999). See also Earp v. Ornoski, 431 F.3d 1158, 1166 (9th Cir. 2005); Insyxiengmay v. Morgan, 403 F.3d 657, 669-70 (9th Cir. 2005). A petitioner

1  requesting an evidentiary hearing must also demonstrate that he has presented a "colorable claim
2  for relief." Earp, 431 F.3d at 1167 (citing Insyxiengmay, 403 F.3d at 670, Stankewitz v.
3  Woodford, 365 F.3d 706, 708 (9th Cir. 2004) and Phillips v. Woodford, 267 F.3d 966, 973 (9th
4  Cir. 2001)).  To show that a claim is "colorable," a petitioner is "required to allege specific facts
5  which, if true, would entitle him to relief." Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998)
6  (internal quotation marks and citation omitted).  Moreover, the Supreme Court has recently held
7  that federal habeas review under 28 U.S.C. § 2254(d)(1) "is limited to the record that was before
8  the state court that adjudicated the claim on the merits" and "that evidence introduced in federal
9  court has no bearing on" such review.  Cullen v. Pinholster, 563 U.S. ___, ___, 131 S. Ct. 1388,
10 1398, 1400 (2011).

11       In any event, it does not appear from the record that the California courts made
12 any independent evidentiary findings.  Therefore, review in this case is based upon the findings
13 of the Board, which held full suitability hearings in 2007 and 2008, at which it developed the
14 facts.  The court concludes that no additional factual supplementation is necessary in this case
15 and that an evidentiary hearing is not appropriate with respect to the due process claims raised in
16 the instant petition.  The facts alleged in support of these claims, even if established at a hearing,
17 would not entitle petitioner to federal habeas relief.  Further, petitioner has not identified any
18 factual conflict that would require this court to hold an evidentiary hearing in order to resolve.
19 Therefore, petitioner's request for an evidentiary hearing should be denied as well.

## CONCLUSION

21       Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for
22 a writ of habeas corpus and his request for an evidentiary hearing be denied.

23       These findings and recommendations are submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
25 one days after being served with these findings and recommendations, any party may file written
26 objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546, 554 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board), abrogated on other grounds in Swarthout v. Cooke, 562 U.S. ___ , 131 S. Ct. 859 (2011).

DATED: June 16, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:
barraganmendoza3292.hc